## ASSIGNMENT OF CLAIM

1. **Assignment of Claim**

Integra Biosciences Corp., a corporation with offices at 2 Wentworth Drive, Hudson, NH 03051 ("Assignor"), in consideration of the sum of _____ (the "Purchase Price"), the receipt and sufficiency of which is hereby acknowledged, do assign and transfer to Brookville Advisory LLC ("Assignee"), with offices at Cedarhurst, NY all of Assignor's right, title, and interest in and to the claim or claims of Assignor against TerraVia Holdings, Inc. ("Debtor"), debtor in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (Delaware), (the "Court") affiliated with Case No. 17-bk-11655 in the currently outstanding amount of not less than $5,784.90, see Schedule A attached hereto (the "Claim Amount") and all rights of Assignor relating to the Claim Amount, including without limitation Assignor's rights to receive any principal, interest, expenses, damages, penalties, and fees relating to the foregoing; all cash, securities, instruments, and other property which may be paid or issued by Debtor in satisfaction of the foregoing; all causes of action and any other legal rights against any third party with respect thereto; all voting rights in connection with the foregoing; the Proof of Claim identified below and all rights arising therefrom; and all agreements, instruments, invoices, receipts, purchase orders, proofs of delivery and other documents or agreements evidencing, affecting or relating or referred to in such claim or the Proof of Claim (all such documents, together with the Proof of Claim, the "Supporting Claim Documents") (collectively, the "Claim"). The Claim is based on amounts owed to Assignor by Debtor, and this Assignment of Claim (the "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

2. **Representations and Warranties**

Assignor represents and warrants that a Proof of Claim in the amount of the Claim Amount has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim Amount, Assignee shall nevertheless be deemed the owner of the Claim and shall be entitled to identify itself as owner of such Claim on the records of the Court. Assignor represents and warrants that it hereby assigns the entire Proof of Claim in the amount of the Claim Amount to Assignee.

Assignor represents and warrants that the Claim is a valid unsecured and enforceable claim against the Debtor in an amount not less than the Claim Amount; that the Claim is valid, due and owing, undisputed, liquidated, and non-contingent; and that no objection to the Claim exists or has been threatened. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim; that Assignor has not previously assigned, sold, participated an interest in, factored, or pledged the Claim to any third party, in whole or in part; that Assignor owns and has good legal and beneficial title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind; and that the neither the Claim nor any distributions to be made in respect thereof is subject to any right or claim of set-off, counter-claim, reduction, recoupment, avoidance, disallowance, subordination, impairment, preference, or any other defense of any kind ("Impairment") that has been or may be asserted by Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor further represents and warrants that it has not engaged in any acts or conduct or made any omissions, that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Claim than is received by holders of allowed general unsecured claims against the Debtor generally. Assignor does not and did not on the filing date hold any funds or property of owe any amounts or property to the Debtor or any affiliate of Debtor. Assignor has not effected or received, and shall not effect or receive the benefit of any setoff against the Debtor. Assignor has delivered to Assignee true, correct and complete copies of the Supporting Claim Documents, and other than such Supporting Claim Documents, there are no other agreements or documents, of any kind or nature whatsoever, which evidence, or affect in any material way, the Claim. Assignor represents that the basis for the Claim is amounts due and owing the Debtor arising from the sale of goods or merchandise sold by, or services rendered by, the Assignor. Assignor is duly authorized and empowered to execute and perform this Agreement. This Agreement constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms. Assignor represents that the transfer of the Claim hereunder to Assignee shall be free and clear of any legal, regulatory or contractual restriction on transfer or resale and

any and all taxes, imposts and duties of any kind and that neither the execution, delivery or performance of this Agreement by Assignor nor consummation of the transactions contemplated hereby by Assignor will result in the violation or contravention by Assignor of violate or contravene any law, rule, regulation, order, agreement, or instrument affecting the Assignor or the Claim. Assignor represents that it has paid any applicable GST, PST and any other sale tax required in respect of the Claim and has made all appropriate declarations to governmental authorities in relation with the Assignment.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor, or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that Assignor has independently and without reliance on Assignee, based on such information as Assignor has deemed appropriate (including information available from the Court in the Proceedings), made its own analysis and decision to enter into this Assignment. Assignor also represents that, with respect to the Debtor or its affiliates, Assignor is not an "insider" (as defined in §101(31) of the Bankruptcy Code) or a member of any official or unofficial creditors' committee and Assignor has not engaged in any non-arms' length transaction relating to the Debtor or any obligor. Assignor represents that no broker, finder or other entity acting under its authority is entitled to any broker's commission or other fee in connection with this transaction for which Assignee could be responsible.

3. Additional Agreements

If the Claim is or becomes subject to an Impairment or is objected to in the Proceedings for any reason whatsoever, in whole or in part, or the Claim is listed in the Debtor's schedules as disputed, unliquidated, contingent or in an amount less than the Claim Amount, or the distributions are paid to Assignee in time or manner or pro rata amount different from other general unsecured claims against the Debtor, or votes cast with respect to the Claim are treated differently than votes cast with respect to general unsecured claims against The Debtor, or the Claim is otherwise disallowed, reduced, impaired, subordinated, not paid when other pari passu claims against Debtor are paid, or paid less than other pari passu claims, for any reason whatsoever, in whole or in part (collectively, a "Disallowance"), Assignor agrees to repay on written demand of Assignee within five (5) business days of Assignee's request, the pro rata portion of the Purchase Price allocable to the amount of the Claim subject to the Disallowance (calculated by multiplying the amount of the Claim subject to the Disallowance by a fraction (the numerator of which is the Purchase Price and the denominator of which is the Claim Amount)). Assignor further agrees to indemnify Assignee from all losses, damages and liabilities, including reasonable costs, fees and expenses incurred by Assignee as a result of (i) the Disallowance; (ii) Debtor's objection to the transfer of the Claim, (iii) Assignor's breach of its representations or nonperformance of its obligations hereunder, (iv) any obligation of any entity to disgorge, in whole or in part, or otherwise reimburse (by setoff or otherwise) Debtor or any other entity for any payments, property (including collateral), setoffs or recoupments received, applied or effected by or for the account of Assignor under or in connection with the Claim or otherwise from, against or on account of Debtor or any Obligor; or (v) the Debtor scheduling, allowing, recognizing or acknowledging the Claim as against a Debtor other than The Debtor. In the event an order is not entered approving the transfer of the Claim by the Court within 120 days of the date Assignee files notice of such transfer, Assignor agrees to immediately repay, upon the demand of Assignee, the Purchase Price. Any repayment or reimbursement under this Section 3 shall be made together with interest at the rate of ten percent (10%) per annum on the amount repaid or reimbursed for the period from the date of this Assignment through the date such repayment or reimbursement is due, and if such repayment or reimbursement is not made when due, it shall further accrue penalty interest on the total amount due at the rate of eighteen percent (18%) per annum until paid in full. In the event the Claim is ultimately allowed in an amount in excess of the Claim Amount, Assignee will be deemed rightful owner to the full amount of the Claim in its entirety and shall have all rights thereto.

### 4. Authority and Claim Enforcement

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor will in good faith provide all documents and take all actions necessary or appropriate or otherwise reasonably requested by Assignee, at its own expense, to (i) have the Claim allowed in the Proceeding in an amount not less than the Claim Amount, and (ii) effect the assignment of the Claim and any payments or distributions thereon to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions, and consents. Assignor hereby waives any notice requirement, including any applicable bankruptcy rules, and consents to the substitution of Assignee for Assignor for all purposes in the Proceedings, including, without limitation, for purposes of voting and receipt of distributions with respect to the Claim. The Notice of Transfer of Claim attached to this Agreement and incorporated herein by reference may be filed by Assignee with the Court as evidence of the transfer. Assignor hereby waives any objection to the transfer of the Claim, and stipulates and agrees that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

### 5. Notices, Actions, and Distributions

Assignor agrees to promptly forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein, to vote the Claim assigned herein in accordance with Assignee's direction (in the event Assignee is not permitted to exercise the voting rights assigned hereby), and to take such action with respect to the Claim in the Proceedings as Assignee may from time to time request (including assisting Assignee in documenting and proving the Claim). Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments, or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and Assignor hereby expressly acknowledges that any such distribution is not property of Assignor and Assignor has no legal, equitable or other title or right to such property, and that Assignor will hold such property in trust and will, at its own expense, deliver to Assignee within five business days any such property in the same form received (without withholding of any kind), together with any endorsement or documents necessary to transfer such property to Assignee.

### 6. Execution and Counterparts

This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier or e-mail of an executed counterpart shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

### 7. Confidentiality

Each party agrees that, without the prior written consent of the other parties, it shall not disclose this Agreement, its contents or its existence to any other person (other than affiliates), except: (i) as required to do so by any law, court or regulation, (ii) to its professional advisors and auditors, (iii) to any governmental authority having or asserting jurisdiction over it, or (iv) other than the purchase price listed on Schedule I hereto: (a) with respect to the filing and notice requirements set forth in the Bankruptcy Rules (b) to any potential assignees, transferees or participants.

### 8. Entire Agreement

Assignor acknowledges and agrees that this Agreement constitutes the entire agreement of the parties with respect to the subject matters hereof and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have been merged and finally integrated into this Agreement.

### 9. Survival and Transferability

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee, and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time reassign the Claim together with all right, title, and interest of Assignee in and to this Assignment. All representations, warranties, covenants, indemnities, and agreements made herein shall survive the execution and delivery of this Assignment and any such reassignment.

### 10. Governing Law, Jurisdiction, and Miscellaneous

This Assignment constitutes the legal, valid, binding, and enforceable obligation of Assignor, and is executed by Assignor's duly authorized representative. Headings in this Assignment are for convenience only and shall have no effect on the interpretation of this Assignment. THIS ASSIGNMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK. ANY ACTION RELATING TO THIS ASSIGNMENT MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT IN THE STATE OF NEW YORK, AND ASSIGNOR CONSENTS TO AND CONFERS PERSONAL JURISDICTION OVER ASSIGNOR BY SUCH COURT(S). ASSIGNOR AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON IT BY MAILING A COPY OF SAID PROCESS TO ASSIGNOR AT THE ADDRESS SET FORTH ABOVE. IN ANY ACTION HEREUNDER, ASSIGNOR WAIVES ANY RIGHT TO DEMAND A TRIAL BY JURY AND ALSO WAIVES THE DEFENSES OF IMPROPER VENUE AND FORUM NON CONVENIENS.

**CONSENT AND WAIVER**

Assignor hereby acknowledges and consents to all the terms of this Assignment and waives its right to raise any objection thereto and its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, Assignor has duly executed this Assignment on this 10 day of November 2017.

ASSIGNOR:   Integra Biosciences Corp.

Signature:  *[signature]*
Name:       Rachel L Breton
Title:      Accounts Receivable
Phone:      603·578·5800

ASSIGNEE:   Brookville Advisory LLC

Signature:  *[signature]*
Name:       DAVID REISS
Title:      PRINCIPAL
Phone:      646-517-6571